# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RICHARD THOMAS,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0809** (BOR Appeal No. 2053910)
　　　　　　　　　　(Claim No. 2018023104)

**RAMACO RESOURCES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

　　　　Petitioner Richard Thomas, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ramaco Resources, LLC, by Counsel Sean Harter, filed a timely response.

　　　　The issues on appeal are medical benefits and temporary total disability. The claims administrator denied a request for a neurosurgical consultation on March 28, 2018. On April 24, 2018, the claims administrator granted a change of physician request to David Deraimo, D.C., but denied authorization of chiropractic treatment. The claims administrator denied a request for a neurosurgical consultation, pain clinic consultation, and EMG/NCS studies on May 17, 2018. On May 30, 2018, the claims administrator denied authorization of treatment rendered by Syed Zahir, M.D., on May 11, 2018. The claims administrator closed the claim for temporary total disability benefits on June 21, 2018. On July 3, 2018, it denied payment of a bill received from Injured Workers Pharmacy dated May 11, 2018. In two separate decisions dated July 5, 2018, the claims administrator denied authorization of treatment rendered by Dr. Zahir on May 31, 2018, and June 12, 2018. Finally, on August 20, 2018, the claims administrator denied payment of a bill received from Injured Workers Pharmacy dated August 8, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's May 30, 2018, decision and authorized treatment by Dr. Zahir on May 11, 2018, in its January 11, 2019, Order. In that Order, the Office of Judges also affirmed the remainder of the claims administrator's decisions. The Order was affirmed by the Board of Review on September 18, 2020.

　　　　The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no

1

substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

> (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Thomas, a loader and operator, injured his cervical spine in the course of his employment on February 16, 2018, when he fell off of a rock loader at work. A cervical x-ray was performed that day which showed minor degenerative disc disease at C6-7. In a February 22, 2018, treatment note, Ramanathan Padmanaban, M.D., noted that Mr. Thomas reported pain in his neck and left shoulder. Dr. Padmanaban diagnosed cervical sprain and shoulder sprain and recommended physical therapy. Mr. Thomas returned to Dr. Padmanaban on March 8, 2018, and his condition was unchanged. On March 12, 2018, a cervical MRI showed multilevel degenerative changes and disc disease causing central canal and neural foraminal narrowing. A left shoulder MRI showed no evidence of an acute injury.

In a March 14, 2018, treatment note, Dr. Padmanaban stated that he reviewed the MRI and found degenerative disc disease from C3-T1. He opined that the majority of Mr. Thomas's shoulder pain could be coming from his cervical spine. It was noted that Mr. Thomas continued to work. Mr. Thomas returned on March 20, 2018, and reported tingling and pain in his left hand. Dr. Padmanaban noted that a left shoulder MRI showed no acute findings. Mr. Thomas was to be off of work for four weeks while he underwent physical therapy. The claims administrator denied a request for a neurosurgical consultation on March 28, 2018.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on April 13, 2018, in which he noted that Mr. Thomas worked until three weeks prior when he was taken off for physical therapy. Dr. Mukkamala diagnosed cervical sprain. He saw no neurological deficits and recommended that a request for a neurosurgical consultation be denied. Dr. Mukkamala stated that though Mr. Thomas had continued left upper extremity symptoms, the symptoms stem from the cervical spine. He found that there was no actual injury to the left shoulder or arm. Dr. Mukkamala recommended Mr. Thomas finish physical therapy. The claim was held compensable for cervical sprain on April 24, 2018.

The claims administrator granted a change of treating physician to Dr. Deraimo but denied authorization of chiropractic treatment on April 24, 2018. On May 4, 2018, the claims administrator approved a request for a change of physician to Syed Zahir, M.D. In a May 11, 2018, treatment note, Dr. Zahir stated that Mr. Thomas underwent physical therapy but saw little improvement in his symptoms. Dr. Zahir diagnosed cervical strain and cervical disc with radiculitis of the left arm, forearm, and hand. He recommended a neurosurgical consultation because Mr. Thomas did not have a discrete cervical disc herniation. Mr. Thomas was excused from work until June 12, 2018.

Dr. Mukkamala performed an Independent Medical Evaluation on May 16, 2018, in which he opined that Mr. Thomas required no further treatment for his compensable cervical sprain, including a neurosurgical consultation. Mr. Thomas had reached maximum medical improvement. Dr. Mukkamala assessed 5% whole person impairment. The claims administrator denied a request for a neurosurgical consultation, pain clinic consultation, and EMG/NCS on May 17, 2018. On May 30, 2018, the claims administrator denied authorization of treatment rendered by Dr. Zahir on May 11, 2018.

In a May 31, 2018, treatment note, Dr. Zahir noted that Mr. Thomas reported continued pain in his neck and left arm. The diagnoses were cervical sprain, cervical disc, and radiculitis in the left upper extremity. Mr. Thomas was to continue physical therapy. Mr. Thomas returned to Dr. Zahir on June 12, 2018, and reported that he had developed pain in his right shoulder and arm. Mr. Thomas had limited cervical range of motion, and Dr. Zahir opined that he was currently unable to work. Mr. Thomas was given a work excuse through July 12, 2018. The claims administrator closed the claim for temporary total disability benefits on June 21, 2018. On July 3, 2018, the claims administrator denied payment of a bill received from Injured Workers Pharmacy dated May 11, 2018. In two separate decisions dated July 5, 2018, the claims administrator denied authorization of treatment rendered by Dr. Zahir on May 31, 2018, and June 12, 2018.

In a July 12, 2018, treatment note, Dr. Zahir noted that Mr. Thomas's symptoms remained the same, and he was excused from work until August 9, 2018. On August 9, 2018, Mr. Thomas returned to Dr. Zahir and reported the new symptoms of bilateral foot pain. Dr. Zahir diagnosed chronic neck pain, cervical sprain, cervical disc, and radiculitis. Mr. Thomas was excused from work until September 27, 2018. On August 20, 2018, the claims administrator denied payment of a bill received from Injured Workers Pharmacy dated August 8, 2018.

Dr. Zahir testified in a September 6, 2019, deposition that he first treated Mr. Thomas on May 11, 2018, and diagnosed cervical sprain and cervical disc with radiculitis in the left forearm and hand. On December 27, 2018, Dr. Zahir diagnosed bilateral cervical disc radiculitis and bilateral leg pain. Dr. Zahir opined that Mr. Thomas's symptoms are the result of the compensable injury. Dr. Zahir testified that he diagnosed lumbar disc herniation with radiculitis on February 28, 2019. Dr. Zahir admitted on cross examination that he had not been provided with Mr. Thomas's initial treatment notes for the compensable injury. Dr. Zahir clarified that his diagnoses were cervical disc degeneration and radiculopathy. He found no evidence of a disc herniation.

In its January 11, 2019, Order, the Office of Judges reversed the May 30, 2018, claims administrator's decision and authorized the May 11, 2018, treatment by Dr. Zahir. It affirmed the remainder of the claims administrator's decisions. The Office of Judges found that the claim was held compensable for cervical sprain only. On May 16, 2018, Dr. Mukkamala determined that Mr. Thomas had reached maximum medical improvement for the condition. The Office of Judges noted that West Virginia Code of State Rules § 85-20-35.1 provides that a cervical sprain generally heals in three to four weeks absent extraordinary circumstances. The Office of Judges concluded that Dr. Mukkamala's finding of maximum medical improvement three months after the compensable injury occurred is supported by the evidentiary record. Dr. Zahir, Mr. Thomas's treating physician, has been treating Mr. Thomas for a cervical sprain but has also diagnosed cervical disc with radiculitis of the left arm, forearm, and hand. Further, an MRI showed multilevel degenerative changes and disc disease in the cervical spine, with no discrete herniation. Dr. Zahir requested referral to a neurosurgeon, a pain clinic evaluation, and an EMG/NCS due to Mr. Thomas's noncompensable radiculopathy.

The Office of Judges determined that Dr. Zahir's May 11, 2018, examination occurred before Dr. Mukkamala found Mr. Thomas to be at maximum medical improvement on May 15, 2018. Therefore, the appointment should have been authorized. However, the Office of Judges found that Dr. Zahir's examinations following Dr. Mukkamala's evaluation were essentially the same with the addition of medication for radicular symptoms. The Office of Judges determined that Mr. Thomas reached maximum medical improvement for the cervical sprain. The Office of Judges concluded that a referral to a neurosurgeon, referral to a pain clinic, and an EMG/NCS are not reasonable, necessary treatment for the compensable cervical sprain. Finally, the Office of Judge found that there is no indication in the record of a need for chiropractic treatment. The request was made by Mr. Thomas's counsel, not a medical doctor. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 18, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1(a) workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. A preponderance of the medical evidence indicates that the requested medical benefits are not reasonable related or necessary treatment for the compensable cervical sprain. Regarding

temporary total disability, West Virginia Code § 23-4-7a provides that temporary total disability benefits will cease when Mr. Thomas has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Because Mr. Thomas reached maximum medical improvement for the compensable injury, the claim was properly closed for temporary total disability benefits.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment